**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JOSEPH SMITH,                                                                                                    PLAINTIFF
ADC #127880

V.                                              2:16CV00017-JM-JTK

GEORGETTE BROADWAY, et al.,                                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Smith, a state inmate confined at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging Defendants violated ADC policies and denied him due process in the course of filing a disciplinary charge against him, convicting him of the disciplinary charge, and upholding the conviction on appeal. Plaintiff asks for monetary relief from Defendants.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

**I.    Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 557.

**II. Facts**

Plaintiff alleges Defendant Broadway charged him with indecent exposure and failure to obey a verbal or written direct order on January 22, 2015. (Doc. No. 2, p. 6) Plaintiff claims that when Broadway submitted the disciplinary charge against him, she failed to include specific details

of how, who, and where the incident occurred, in violation of ADC policy. (Id.) This allegedly improper report was approved by Defendant Cobbs, also in violation of ADC policies. (Id., pp. 6-7) Plaintiff appeared before Defendant Banister at his disciplinary hearing on January 29, 2015, and made a statement that Broadway failed to include essential facts such as the barracks in which the incident took place, how she identified Plaintiff, or where the alleged incident occurred. (Id., p. 7) Despite his objections, Defendant Banister allegedly denied and deprived Plaintiff of his right to a fair hearing by finding Plaintiff guilty of the alleged rule violations. (Id.)

On appeal, Defendants Lay, Naylor, and Kelley all affirmed Plaintiff's conviction, thereby allegedly violating Plaintiff's rights as set forth in ADC policies, state statutes, and the constitution. (Id., pp. 8-9) Plaintiff also alleges his liberty interest in parole was affected by his punishment, which was a reduction from class 1-C to class IV, and a thirty-day sentence to punitive. (Id., p. 10) After the Parole Hearing Committee learned of his disciplinary conviction, it decided to postpone a decision on Plaintiff's entitlement to parole. (Id.)

**III.   Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Initially, the Court notes that Plaintiff's allegations that Defendants failed to follow ADC procedures do not support a constitutional claim for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Plaintiff also claims that Defendants' actions violated his due process rights. In order to

support a claim for relief based on these allegations, Plaintiff must show that he was deprived of a protected liberty interest which resulted in "atypical or significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether an inmate possesses a protected liberty interest, the courts "compare the conditions to which the inmate was exposed in segregation with those he or she could expect to experience as an ordinary incident of prison life.... We do not consider the procedures used to confine the inmate in segregation." Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003). The courts have held that placement in administrative segregation, even without cause, is not an atypical and significant hardship. Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002).

In this particular case, Plaintiff was sentenced to thirty days in punitive and to restrictions on commissary, telephone, and visitation privileges. (Doc. No. 2, p. 14) He does not specifically allege facts to support a finding that his incarceration under those conditions was atypical or significant in relation to ordinary incidents of prison life, as set forth in Sandin.

Plaintiff also appears to argue that Defendants' actions affected his eligibility for parole.[1] While he alleges that his classification level was reduced, he does not claim that the disciplinary conviction resulted in the loss of good time credits. Therefore, the Court is not clear whether the

---

[1]This allegation in and of itself does not support a constitutional claim for relief, because there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). The Arkansas Parole statute, ARK.CODE ANN. § 16-93-201-206 (LexisNexis 2008), establishes only the possibility of parole and nothing in the Arkansas statutes creates a right of an inmate to release on parole which would invoke due process protection, Robinson v. Mabry, 476 F.Supp. 1022, 1023 (E.D.AR 1979).

law as set forth in Heck v. Humphrey applies in this case. 515 U.S. 472, 484 (1995).[2] Regardless, "adjustments in classification as a result of disciplinary infractions are certainly a typical and expected component of prison life and do not 'present a dramatic departure from the basic conditions of [an inmate's] sentence.'" Cole v. Norris, No. 2:07CV00056-WRW, 2008 WL 4949283 *4 (E.D.AR) (quoting Sandin, 515 U.S. at 484, 487). In Cole, the Court noted that the Arkansas statutes do not include language which would support the finding of a protected liberty interest in the classification level assigned to an inmate by prison officials. 2008 WL 494283 *4. In addition, the Court found that a class reduction, absent a loss of good-time credits, did not affect the inmate's term of confinement under Arkansas law, as set forth in Sandin. Id. Therefore, to the extent that Plaintiff claims Defendants' actions resulted in the postponement of his parole eligibility, the Court finds that he fails to state a constitutional claim for relief.

Plaintiff also claims Defendants denied him procedural due process because Broadway failed to include "HOW, WHO, and WHERE" the alleged incident occurred. (Doc. No. 2, p. 6) According to the disciplinary charge written by Defendant Broadway (attached to Plaintiff's Complaint at p. 13), the incident occurred at 6:21 a.m. at the East Arkansas Regional Unit. (Id.) Officer Broadway

---

[2] In Heck, the United States Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. 512 U.S. at 489. This decision was extended to disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641(1997), where he United States Supreme Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. 520 U.S. at 645. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. Id. at 648.

wrote that she was assigned to barracks 14-16 on C shift Zone 3 and observed Plaintiff (identified by name and ADC number) leaning on the bathroom sink in his cell, involved in an indecent act. (Id.)[3]  In order to comply with procedural due process in connection with a prison disciplinary hearing, prison officials must provide an inmate with advance written notice of the charges against him, an opportunity to call witnesses and present a defense, and a written statement of the evidence relied upon by the fact finder and the reasons for the charges.  Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).  In this particular case, Plaintiff claims he was not able to "marshall a defense" on his behalf because the report failed to include the barracks in which the act occurred, how the act occurred, and who committed the act. (Doc. No. 2, p. 6)

Having reviewed Plaintiff's allegations, the disciplinary report, and the disciplinary action hearing report, the Court finds that Plaintiff adequately was provided with all the procedural due process as set forth in Wolff.  The report sets forth the area of the barracks in which the incident occurred, and the fact that it occurred in Plaintiff's cell.  Although Plaintiff claims the lack of specific information concerning where the incident occurred (such as cell number?) affected his ability to marshall a defense, the disciplinary clearly notified Plaintiff as to where the incident occurred. (Plaintiff does not claim to lack knowledge about where he is housed.)  Similarly, he is aware of who committed the offense, as he was charged by name and ADC number with the violations.  Finally, the report sets forth in detail the actions committed by Plaintiff, so as to support a finding of the "How" it occurred.  Plaintiff does not alleged that he did not receive advance written notice of the charges, an opportunity to call witnesses, or a written statement of the evidence relied

---

[3] "...with his penis exposed stroking it back and forth with his right hand looking directly at me." (Id.)

upon, all of which are set forth in Wolff. Therefore, the Court finds that Plaintiff's allegation of no details of "HOW, WHO, and WHERE" (Doc. No. 2, p. 6) the incident occurred fails to support a constitutional claim for relief.

Finally, the Court notes that the disciplinary hearing action report states that the evidence relied upon to convict Plaintiff was the report of the charging officer, and a statement from the charging officer. This report legally suffices as "some evidence" to support a prison disciplinary decision, and therefore, sufficiently meets the due process requirement. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985), and Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008).

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[4]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 29th day of January, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[4]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.